IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LETICIA WALKER[1]                                                                PLAINTIFF
*On behalf of*
I.H., A MINOR

vs.                                    Civil No. 1:10-cv-01026

MICHAEL J. ASTRUE                                     DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Leticia Walker ("Plaintiff") brings this action on behalf of I.H., a minor, pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying I.H.'s application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[2] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed an SSI application on behalf of I.H. on August 3, 2006. (Tr. 12, 75). Plaintiff alleged I.H. was disabled primarily due to Attention Deficit Hyperactivity Disorder ("ADHD") and Oppositional Defiant Disorder ("ODD"). (Tr. 42). I.H.'s alleged onset date was February 6, 2003, her

---

[1] Plaintiff's name is spelled in several different ways in both the transcript and in the briefing. ECF Nos. 7-8. This Court uses the spelling indicated on this Court's docket sheet.

[2] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

birthdate. (Tr. 75). This application was denied initially and again upon reconsideration. (Tr. 55-56). Thereafter, Plaintiff requested an administrative hearing on I.H.'s application. (Tr. 68). This hearing request was granted, and an administrative hearing was held on February 14, 2008 in El Dorado, Arkansas. (Tr. 37-54). Plaintiff and I.H. were present and were represented by counsel, Denver Thornton, at this hearing. *Id.* Only Plaintiff testified at this hearing. *Id.*

On February 14, 2008, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI on behalf of I.H. (Tr. 37-54). In this decision, the ALJ found I.H. was born on February 6, 2003, was an older infant on August 3, 2006 (the date the application was filed), and was a preschooler on the date of the ALJ's decision. (Tr. 15, Finding 1). The ALJ determined I.H. had not engaged in Substantial Gainful Activity ("SGA") at any time relevant to his decision. (Tr. 15, Finding 2). The ALJ determined I.H. had the following severe impairments: oppositional defiant disorder and attention deficit with hyperactivity. (Tr. 15, Finding 3). The ALJ also determined none of I.H.'s impairments met, equaled, or were functionally equivalent to the Listing of Impairments in Appendix 1, Subpart P, Regulations No. 4. (Tr. 15-16, Finding 4).

In assessing whether I.H.'s impairments were functionally equivalent to a listing, the ALJ assessed the six domains of functioning. (Tr. 16-21, Finding 5). Specifically, the ALJ determined I.H. had the following limitations in the six domains of functioning: (1) less than marked limitation in acquiring and using information; (2) no limitation in attending and completing tasks; (3) less than marked limitation in interacting and relating with others; (4) no limitation in moving about and manipulating objects; (5) no limitation in her ability to care for herself; and (6) no limitation in health and physical well-being. *Id.* Based upon these findings, the ALJ determined I.H. had not been disabled, as defined by the Act, since August 3, 2006, the date I.H.'s application was filed. (Tr. 21,

2

Finding 6).

Thereafter, on June 30, 2008, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 6-8). *See* 20 C.F.R. § 404.968. On January 6, 2010, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On March 30, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on April 14, 2010. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 7-8. This case is now ready for decision.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

In this case, Plaintiff is seeking disability benefits on behalf of a minor child. On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Public Law No. 104-193, 110 Stat. 2105 (1996) (codified at 42 U.S.C. § 1382c(a)(3)(C)), which provided a more stringent standard for determining eligibility for Title XVI childhood disability

benefits than the old law and prior regulations required. *See Rucker v. Apfel*, 141 F.3d 1256, 1259 (8th Cir. 1998); 142 Cong. Rec. H8913; H.R. Conf. Rep. No. 725, 104th Cong. 2d Sess. 328 (1996), reprinted in 1996 U.S. Code, Cong. and Ad. News 2649, 2716; Federal Register, Vol. 62, No. 28, p. 6409.

Among other things, the new law amended Section 1614(a)(3) of the Act, 42 U.S.C. § 1382c(a)(3), and changed the statutory definition of disability for individuals under age eighteen (18) under the SSI program. Under the new standard, a child is entitled to disability benefits only if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* Pub. L. No. 104-193 § 211(a)(4)(c); 20 C.F.R. § 416.906. The new standard applies to all applicants who filed claims on or after August 22, 1996, or whose claims had not been finally adjudicated by August 22, 1996. Since Plaintiff filed her application in 2006, the new law applies.

Under the new law, the ALJ's disability determination is based upon a three-step analysis. *See* 20 C.F.R. § 416.924. First, the ALJ must determine whether the minor child has engaged in substantial gainful activity. If not, the ALJ will proceed to the second step where the ALJ must consider whether the child has a severe impairment. If a severe impairment is found, the ALJ will proceed to the third step. At this step, the ALJ, must consider whether the impairment meets, or is medically or functionally equivalent, to a disability listing in the Listing of Impairments ("Listings"), *See* 20 C.F.R. pt. 404, subpt. P, app. 1. A minor child may be disabled if his or her impairment is functionally equivalent to a disability listing, even if the minor child's impairment does not meet the standard requirements for a disability listing. *See* 20 C.F.R. § 416.924(d)(1).

A single method is provided for evaluating whether an impairment is "functionally equivalent" to a disability listing, based upon six domains of functioning. The six domains are the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). If the minor child claiming benefits has "marked" limitations in two of these domains or an "extreme" limitation in one of these domains, then the child's impairment is functionally equivalent to a disability listing. *See id.* § 416.926a(a); *Moore ex rel. Moore v. Barnhart,* 413 F.3d 718, 721 (8th Cir. 2005).

A "marked" limitation is a limitation that is "more than moderate" and "less than extreme." *See id.* § 416.926a(e); *Lehnartz v. Barnhart,* No. 04-3818, 2005 WL 1767944, at *3 (8th Cir. July 27, 2005) (unpublished). A marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e). An "extreme" limitation is more than "marked" and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities. *See id.* "Extreme" limitation is the rating the Commissioner gives to the most serious limitations. *See id.*

**3. Discussion:**

In her appeal brief, Plaintiff alleges the following: (A) I.H.'s impairments meets Child Listing 12.08 for Personality Disorder and (B) I.H. has an impairment or combination of impairments functionally equivalent to the Listings. ECF No. 7 at 3-15. This Court will address both Plaintiff's arguments for reversal.

    **A.**    **Personality Disorder Listing**

Plaintiff claims I.H.'s impairments meet the requirements for Listing 12.08 for personality

disorders. ECF No. 7 at 3-12. As an initial matter, however, Listing 12.08 applies to personality disorders for adults. Listing 12.08, therefore, is not the appropriate listing for I.H. Instead, Listing 112.08 applies in child disability cases, and Listing 112.08 applies under the facts in this case.

Further, although the requirements of Listing 12.08 and 112.08 are similar, they are not identical. Importantly, under Listing 112.08, I.H. must demonstrate marked impairments in at least two of the following: (1) "age-appropriate cognitive/communicated function"; (2) "age-appropriate social functioning"; (3) "age-appropriate personal functioning"; and (4) "maintaining concentration, persistence, or pace."[3] Under Listing 112.08, the first three categories (1-3) must be documented by either the claimant's history or medical findings or both. Such documentation includes "if necessary" the results of appropriate standardized tests. If required, unless Plaintiff can provide such testing results, the claimant does not meet Listing 112.08.

Plaintiff has the burden of establishing I.H. meets the requirements of Listing 112.08. *See Johnson v. Barnhart,* 390 F.3d 1067, 1070 (8th Cir. 2004) (citation omitted). In the present action, Plaintiff has provided no results from "appropriate standardized" tests, psychological or otherwise, that would meet her burden of establishing I.H. qualifies under Listing 112.08. Indeed, the only "standardized" test results which Plaintiff referenced were the results from the Child Sexual Abuse Inventory. ECF No. 7 at 7. The results from this inventory, however, were based upon Plaintiff's self-reporting regarding I.H.'s limitations. (Tr. 141). Such self-reports were "in question" by I.H.'s treating psychologist because Plaintiff rated I.H. "so negatively." *Id.* Further, these ratings were "markedly in contrast with ratings by her teacher." (Tr. 142). Thus, this Court finds Plaintiff has not

---

[3] Under Listing 12.08, I.H. must demonstrate at least two of the following: (1) marked restriction of activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration, persistence, or pace; and (4) repeated episodes of decompensation, each of extended duration.

6

met her burden of establishing I.H. meets the requirements of Listing 112.08.

### B. Functional Equivalence

Plaintiff claims I.H. has a marked or extreme limitation in three of the six domains of functioning: (1) attending and completing tasks; (2) interacting and relating with others; and (3) caring for yourself. ECF No. 7 at 13-16. This Court will address each of these three domains of functioning.

#### 1. Attending and Completing Tasks

Plaintiff claims I.H. has a marked or extreme limitation in attending and completing tasks. ECF No. 7 at 13-14. In support of her claim that I.H. has a marked or extreme limitation in attending and completing tasks, Plaintiff references one medical record from Dr. Ellie Berger, Ph.D., a licensed psychologist. ECF No. 7 at 13-14. In this "Progress Summary," Dr, Berger referenced the fact I.H. had been diagnosed with ADHD. (Tr. 152). Plaintiff claims this demonstrates I.H. has a marked or extreme limitation in attending and completing tasks. ECF No. 7 at 13-14. This diagnosis alone, however, does not demonstrate I.H. has any limitation in attending and completing tasks. Thus, this Court finds the ALJ did not err by finding I.H. had no limitation in attending and completing tasks.

#### 2. Interacting and Relating with Others

Plaintiff claims I.H. has a marked or extreme limitation in interacting and relating with others. ECF No. 7 at 13-14. In support of her claim, Plaintiff references one medical record from Dr. Berger wherein she commented that I.H.'s "adaptive functioning is quite impaired in her daily living, communication and social skills." (Tr. 141). Plaintiff also references records finding I.H. was aggressive with her sister, her cousins, and her teachers at school. (Tr. 184, 202). Finally, Plaintiff references the fact I.H. has a speech impairment and has difficulty speaking.

As a whole, these records do indicate I.H. may have a marked limitation in this domain of functioning. However, to establish "functional equivalence," Plaintiff must establish I.H. has a marked

limitation in *two domains* of functioning. As outlined in this opinion, I.H. does not have any two such limitations. Thus, even if I.H. does have a marked limitation in this domain of functioning, Plaintiff still cannot establish I.H.'s impairments are functionally equivalent to a listing.

### 3. Caring for Yourself

Plaintiff claims I.H. has a marked limitation in this domain of functioning. Notably, Plaintiff claims I.H. "has little understanding about behaviors that are not good for her" and "does a lot of dangerous things." ECF No. 7 at 14-15. While I.H.'s behaviors may be less than ideal, there has been no demonstration that these limitations should be considered "marked" such they "seriously . . . [interfere] . . . with a child's ability to independently initiate, sustain, or complete activities." *See* 20 C.F.R. § 416.926a(e). Thus, because Plaintiff has also made no demonstration that I.H. suffers from a marked limitation in this domain of functioning, this Court finds no basis for reversing and remanding her case.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff on behalf of I.H., is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

ENTERED this 5th day of April, 2011.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE